IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HELEN WHELAN,

        Plaintiff,               No. CIV S-09-3606 KJM-KJN

      vs.

JOHN E. POTTER, POSTMASTER
GENERAL, UNITED STATES POSTAL
SERVICE,

        Defendants.            <u>ORDER</u>

_____/

        This matter is before the court on the motion by plaintiff Helen Whelan for leave to amend the complaint to add a claim for hostile environment sexual harassment.  (Mot.to Amend, ECF 93.)  Plaintiff maintains amendment is appropriate because plaintiff's counsel learned at the hearing on defendant's motion for summary judgment that the operative complaint did not contain a claim for hostile environment sexual harassment.  (*Id.*)  Defendant John E. Potter, Postmaster General, United States Postal Service ("defendant"), opposes the motion on the grounds of undue delay, bad faith, futility, and prejudice to defendant.  (Def.'s Opp'n to Mot. to Amend, ECF 98.)

        Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th

1    Cir. 1989).  "In exercising its discretion [regarding granting or denying leave to amend], 'a court

2    must be guided by the underlying purpose of Rule 15 — to facilitate decision on the merits rather

3    than on the pleadings or technicalities.'"  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th

4    Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  However, "the

5    liberality in granting leave to amend is subject to several limitations. Leave need not be granted

6    where the amendment of the complaint would cause the opposing party undue prejudice, is sought

7    in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties*, 866 F.2d

8    at 1160 (internal citations omitted).

9            Plaintiff's request to amend the complaint to add a claim for hostile environment at

10   this late stage of the litigation is improper.  Discovery has closed and the court has issued an order

11   on defendant's motion for summary judgment.  *See Roberts v. Ariz. Bd. of Regents*, 661 F.2d 796,

12   798 (9th Cir. 1981) (affirming district court denial of motion to amend raised after discovery was

13   "virtually complete" and the defendant's motion for summary judgment was pending before the

14   court").  The final pretrial conference is currently set for November 1, 2012, and the jury trial set

15   for December 10, 2012, less than two months from now.  (*See* ECF 96.)

16           For the foregoing reasons, plaintiff's motion for leave to amend the complaint is

17   DENIED.

18           IT IS SO ORDERED.

19   DATED:  October 9, 2012.

20

21                                                    _____
                                                      UNITED STATES DISTRICT JUDGE

22

23

24

25

26