UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN WHELAN,<br><br>   Plaintiffs,<br><br>   v.<br><br>PATRICK R. DONAHUE,<br>POSTMASTER GENERAL, UNITED<br>STATES POSTAL SERVICE,<br><br>   Defendant. | No.  09-cv-03606 TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Plaintiff's objections to Defendant's Bill of Costs. (See Pl.'s Objections to Def.'s Bill of Costs, ECF 210.)[1]  The Court issued a minute order on July 18, 2014, directing Defendant to file a response to Plaintiff's objections. (ECF 211.) Defendant filed its response on July 25, 2014.  (ECF 213.)[2]

This case proceeded to trial on June 02, 2014.  At the close of Plaintiff's evidence, Defendant moved for Judgment as a Matter of Law pursuant to Federal Rules of Civil Procedure

---

[1] The Court notes that, on August 04, 2014, Plaintiff filed an additional "Motion to Continue . . . Defendant's Bill of Costs Pending Exhaustion of Appeal." (ECF 222.) This motion is duplicative of Plaintiff's objections which request that the Court hold in abeyance Defendant's Bill of Costs pending appeal.  Because the Court overrules Plaintiff's objections in all regards, Plaintiff's August, 04, 2014, motion is denied as moot.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

50 and 52.  (ECF 191.)  On June 13, 2014, the Court granted Defendant's motion (ECF 195) and judgment was entered in favor of Defendant (ECF 196).  Plaintiff filed a Notice of Appeal on July 10, 2014.  (ECF 206.)  Defendant filed its bill of costs on July 9, 2014.  (ECF 204.)[3]

Plaintiff objects to the $1,627.47 in witness fees for David Dillman, and the $1,075.20 in witness fees for Tim Padden.   Plaintiff objects on the grounds that she informed her attorney that she "did not wish to incur costs in flying in these two witnesses . . . ."  (ECF 210 at 2:20-21.)  In her objections, Plaintiff also requests that the "bill be held in abeyance until [Plaintiff has] exhausted [her] appeal rights."  (Id. at 1:15-16.)

**A.  Witness Fees**

The Federal Rules of Civil Procedure provide that costs should be allowed to the prevailing party.  FED. R. CIV. P. 54(d)(1); see also E.D. Cal. L.R. 292; 28 U.S.C. § 1920.  "Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, and a district court has limited discretion to deny fees under the rule." Goldberg v. Pacific Indem. Co., 627 F.3d 752, 758 (9th Cir. 2010).  The "losing party must show why costs should not be awarded." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).  The Ninth Circuit has expressly "decline[d] to adopt a rule that would place on district courts the burden of justifying routine awards of costs against losing parties in civil rights cases."  Id.  The district court's award of costs to the prevailing party is reviewed for an abuse of discretion.  Id. at 945 n.12.

Here, the Court finds that Plaintiff has not met her burden of demonstrating that costs should not be awarded for Dillman and Padden.  Plaintiff's statement that she did want to incur costs for these witnesses is insufficient to overcome the presumption in favor of awarding costs.  Indeed, both Dillman and Padden were listed as witnesses on Plaintiff's witness list.  There is no dispute that Dillman and Padden traveled to Sacramento for the start of trial. Plaintiff cites no authority for her contention that costs should not be awarded for Dillman and Padden.  Based on

---

[3]  The Court notes that Defendant filed its original Bill of Costs on June 27, 2014, which was denied.  (ECF 198.)  In denying the original Bill of Costs, the Court stated that Defendant could refile its Bill of Costs including supporting documentation as required by Local Rule 292(b).  (ECF 202.)  Defendant subsequently refiled its Bill of Costs with the necessary documentation.  (ECF 204.)

the foregoing, Plaintiff's objections are OVERRULED.

### B.     Stay of Costs Pending Appeal

Plaintiff requests that the bill of costs "be held in abeyance" pending resolution of Plaintiff's appeal, but provides no authority or justification for such a stay.  (ECF 210.)  In determining whether to issue a stay pending appeal, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies."  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  The court's authority to issue a stay is generally conditioned upon approval of a bond.  Vacation Village, Inc. v. Clark County, 497 F.3d 902, 913 (9th Cir. 2007).

Here, the Court finds that Plaintiff has not provided sufficient justification for staying costs pending appeal.  Indeed, Plaintiff has not provided *any* justification, much less legal authority, for her request.  See Jones v. City of Orange Cove, 2010 WL 4875681, at *2 (E.D. Cal. 2010) (denying stay of taxation of costs pending appeal where "Plaintiff merely asserts that if the judgment is reversed on appeal, then the taxation of costs also will be reversed. This is not a sufficient to basis to stay taxation of costs . . . ."); Salvatto v. County of Solano, 2007 WL 2428082, at *1 (E.D. Cal. 2007) (denying stay of costs pending appeal where "Plaintiffs have not stated any grounds for their request to stay court costs aside from disagreement with the underlying judgment.")

Plaintiff's request is denied simply because she has failed to offer any justification for a stay of costs.  Moreover, the Court finds little merit in Plaintiff's appeal.  Indeed, in granting Defendant's Motion for Judgment as a Matter of Law, the Court found that Plaintiff did not present "a legally sufficient evidentiary basis" such that a reasonable jury could have found for Plaintiff.  FED. R. CIV. P. 50.  The Court therefore DENIES Plaintiff's request to stay costs pending appeal.

///

///

It is hereby ORDERED that Plaintiff's objections to Defendant's Bill of Costs are OVERRULED and Plaintiff's request for a stay of costs pending appeal is DENIED.

Dated: August 12, 2014

Troy L. Nunley
United States District Judge